COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
FRANK B. GOLDBERG (222263) (fgoldberg@cooley.com)
KATHLEEN E. TREIBER (232353) (ktreiber@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Plaintiff
EBAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOB MARTINO, an individual, d/b/a COINBAY.BIZ,<br><br>　　　　　　Defendant. | Case No.<br><br>**PLAINTIFF EBAY INC.'S COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FEDERAL TRADEMARK DILUTION;**<br>**(3) FALSE DESIGNATION OF ORIGIN;**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br>**(5) COMMON LAW UNFAIR COMPETITION;**<br>**(6) TRADEMARK INFRINGEMENT UNDER CAL. BUS & PROF CODE § 14335;**<br>**(7) TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14330; AND**<br>**(8) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ*.** |

**PARTIES**

**1.**　　Plaintiff eBay Inc. ("eBay") is a Delaware corporation having its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.

**2.**　　On information and belief, Defendant Bob Martino ("Defendant") is an individual and a resident of the State of Florida having a residence and a place of business at 10097 Cleary

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

1.　　　　　　　　**PLAINTIFF EBAY INC.'S COMPLAINT**

Blvd., Plantation, FL 33324. On information and belief, Defendant Bob Martino is doing business as CoinBay.biz.

## JURISDICTION AND VENUE

**3.** This Court has jurisdiction of this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. This action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1501 *et seq.* (the "Lanham Act").

**4.** This Court has personal jurisdiction over Defendant in that Defendant's willful actions herein alleged took place in and/or caused tortious injury to eBay in this jurisdiction.

**5.** Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

## COMMON ALLEGATIONS

### EBAY'S BUSINESS

**6.** eBay is the largest online marketplace in the world. As of June 30, 2007, eBay had over 241 million registered users worldwide. At any given time, there are approximately 103.6 million listings of items for sale or auction on eBay's online marketplace worldwide, and approximately 6.1 million listings are added per day.

**7.** eBay users trade in more than 50,000 categories of goods and services, ranging from computers to DVDs to jewelry to art, including specific designated categories for "coins and paper money," "stamps" and "collectibles." For example, as of October 24, 2007, there were over 215,000 listings of items for sale or bid on the ebay.com website in the "coins and paper money" category, over 162,000 listings of items for sale or bid in the "stamps" category, and over 1.6 million listings of items for sale or bid in the category of "collectibles." Based on Second Quarter 2007 gross market value, the eBay marketplace worldwide annualized gross market value for the "coins & stamps" category is estimated at $1.1 billion.

**EBAY'S MARKS**

8.  Since its online marketplace was launched in September 1995, eBay has continuously used the mark EBAY in interstate commerce in the United States in connection with its goods and services.

9.  eBay is the owner of numerous U.S. registrations for the marks EBAY and EBAY and Design, the earliest of which was issued on January 19, 1999. These registrations cover a wide variety of goods and services. Each of these registrations is valid, subsisting and has not been abandoned by eBay. eBay has given notice of its registrations by use of the ® symbol and by other means, pursuant to section 29 of the Lanham Trademark Act, 15 U.S.C. § 1111. These registrations include, *inter alia*, the following:

   **(a)**  EBAY word mark (Registration No. 2,218,732) registered January 19, 1999 in International Class 35 (online trading services in which seller posts items to be auctioned and bidding is done electronically, and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

   **(b)**  EBAY and Design (claiming color) (Registration No. 2,410,023) registered December 5, 2000 in International Class 35 (online trading services to facilitate the sale of goods by others via a computer network and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

   **(c)**  EBAY and Design (Registration No. 2,420,512) registered January 16, 2001 in International Class 35 (on-line trading services to facilitate the sale of goods by others via a computer network and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

   **(d)**  EBAY and Design (Registration No. 2,468,781) registered July 17, 2001 in International Class 9 (computer e-commerce software to allow users to perform electronic business transactions conducted in the form of an auction via a global computer network and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

3.     **PLAINTIFF EBAY INC.'S COMPLAINT**

computer software featuring information in the field of hobbies, collectibles and a wide variety of products);

   **(e)** EBAY and Design (Registration No. 2,592,514) registered July 9, 2002 in International Class 38 (telecommunications services, namely the electronic transmission of data and information; paging services);

   **(f)** EBAY word mark (Registration No. 2,592,515) registered July 9, 2002 in International Class 38 (telecommunications services, namely the electronic transmission of data and information; paging services);

   **(g)** EBAY word mark (Registration No. 2,700,675) registered March 25, 2003 in International Class 9 (computer e-commerce software to allow users to perform electronic business transactions conducted in the form of an auction via a global computer network and computer database software featuring information in the field of hobbies, collectibles and a wide variety of products);

   **(h)** EBAY and Design (Registration No. 2,735,542) registered July 8, 2003 in International Class 38 (providing an online, interactive bulletin board for the transmission of messages among computer users concerning hobbies, collectibles, trading, and the sale of items via a global computer network);

   **(i)** EBAY word mark (Registration No. 2,744,717) registered July 29, 2003 in International Class 38 (providing an online, interactive bulletin board for the transmission of messages among computer users concerning hobbies, collectibles, trading, and the sale of items via a global computer network);

   **(j)** EBAY and Design (Registration No. 2,759,146) registered September 2, 2003 in International Class 9 (CD ROMs and compact discs featuring information in the fields of hobbies, collecting and auctions; and

   **(k)** EBAY word mark (Registration No. 2,759,150) registered September 2, 2003 in International Class 9 (pre-recorded audio tapes, CD ROMs, compact discs, audio discs, video discs, and video tapes featuring information in the fields of hobbies, collecting and auctions).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

4.  **PLAINTIFF EBAY INC.'S COMPLAINT**

**10.** eBay's distinctive seven-color logo consists of the word "ebay" in overlapping lower-case letters at alternating elevations and in alternating primary colors. A true and correct reproduction of the EBAY and Design mark appears below:



**11.** In addition, eBay owns a number of U.S. registrations and pending U.S. applications to register marks that incorporate the EBAY or EBAY and Design marks, each of which marks currently is in use in U.S. commerce. All of eBay's marks that consist of or incorporate the term EBAY will hereafter be referred to as the "EBAY Marks."

**12.** EBAY is a fanciful mark, and thus highly distinctive. The term BAY has no descriptive meaning as applied to an online marketplace or any of the other goods and services covered by eBay's registrations or in connection with which eBay uses the EBAY Marks.

**13.** eBay has expended considerable effort and expense in promoting the EBAY Marks, and goods and services offered in connection with these marks, both in the United States and internationally, typically spending hundreds of millions of dollars in advertising per year.

**14.** In addition to its own advertising efforts, eBay has been the subject of thousands of unsolicited stories in television, radio, and print media, highlighting eBay's innovative and successful efforts in online person-to-person trading. eBay has also received numerous awards and recognitions, including a listing in Nielsen's Top 10 Web Brands (ranking eBay 4th) in December 2006; BusinessWeek's "The Global Brand Scoreboard's The Top 100 Brands" (ranking eBay's brand as the 48th strongest brand in the world) in August 2007; Fortune magazine's "Top 100 Fastest Growing Companies" (ranking eBay as 8th) in August 2003; BusinessWeek Online, "The eBay Economy" in August 2003; Red Herring magazine's "The Top 100 Companies Most Likely to Change the World" in May 2001; Harvard Business School's "Entrepreneurial Company of the Year" in May 2000; Forbes magazine's "Favorite Auction Site" in December 1999; Business Week magazine's "Info Tech 100" in July 1999; Ad Week

magazine's "Top Marketers of the Year" in May 1999; and The Webby Award's "Top E-Commerce Site" in March 1999.

**15.**   The enthusiasm for eBay's services abroad has been so overwhelming that eBay maintains separate, country-specific Web sites for Australia, Austria, Belgium, Canada, China, France, Germany, Hong Kong, India, Ireland, Italy, Malaysia, the Netherlands, New Zealand, Singapore, Spain, South Africa, Sweden, Switzerland, United Arab Emirates, and the United Kingdom, and it has related Web sites in Argentina, Brazil, Chile, Colombia, Costa Rica, Dominica, Ecuador, Korea, Mexico, Panama, Peru, Taiwan, Uruguay, and Venezuela.  eBay's services are not limited to these foreign countries, however, as eBay serves customers and has registered users from practically every jurisdiction around the globe.

**16.**   As a result of eBay's widespread use of the EBAY Marks worldwide, extensive Internet, television, and print advertising and promotion, continuous and unsolicited media coverage, the high degree of consumer recognition of the EBAY Marks, the strong and loyal base of customers that eBay enjoys for its services, and the absence of any material use of any highly similar mark by others, among other factors, the EBAY Marks are famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. §1125(c).

**17.**   In addition, eBay owns a number of U.S. Registrations for the mark BUY IT NOW, and BUY IT NOW and Design, which consists of three horizontal lines followed by the words "BUY IT" in black and "NOW" in red, with the words in all capital letters and slanted forward.  Each of these registrations is valid, subsisting and has not been abandoned by eBay.  eBay has given notice of its registrations by use of the ® symbol and by other means, pursuant to section 29 of the Lanham Trademark Act, 15 U.S.C. § 1111.  These registrations include the following:

   **(a)**   BUY IT NOW word mark (Registration No. 3,302,340) registered October 2, 2007 in International Class 35 (operating online marketplaces for sellers of goods and/or services) and first used in commerce at least as early as December 1, 2000;

   **(b)**   BUY IT NOW word mark (Registration No. 2,281,435) registered September 28, 1999 in International Class 35 (computerized on-line retail services featuring a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

6.    **PLAINTIFF EBAY INC.'S COMPLAINT**

wide variety of consumer products);

**(c)** BUY IT NOW and Design (claiming color) (Registration No. 3,170,352) registered November 14, 2006 in International Class 35 (on-line trading services in which seller posts items to be auctioned and bidding is done electronically) and first used in commerce at least as early as December 1, 2000; and

**(d)** BUY IT NOW and Design (claiming color) (Registration 3,302,349) registered October 2, 2007 in International Class 35 (operating online marketplaces for sellers of goods and/or services) and first used in commerce at least as early as December 1, 2000.

### DISTINCTIVENESS OF THE TERM "BAY"

**18.** The dominant component of the famous EBAY Marks is the term BAY, which is arbitrary and highly distinctive in the context of an online marketplace.

**19.** Following on the fame and success of eBay, a number of operators of other online marketplaces and Internet sites have attempted to adopt names and marks that combine the generic term for what the particular site offers or provides with the distinctive BAY suffix of the EBAY Marks, to create a "generic plus BAY" mark. Examples of such marks, the use of which eBay has successfully put a stop to, include: ALTERNABAY (site offering goods related to alternative lifestyles), AUTOBAY (site advertising automobiles for sale), BOATBAY (site offering a "nautical search portal"), BRICKBAY (site offering Lego® bricks), CARBAY (site advertising automobiles for sale), EGGBAY (site offering items for egg farmers), EMERGENCYBAY (site offering emergency rescue goods), FOTOBAY (site offering photography-related goods and services), JEWELRYBAY (site offering diamonds and fine jewelry), MEXBAY (Mexican-themed site), MILITARYBAY (site offering military goods), NAZIBAY (site offering Nazi memorabilia), SELLINGBAY (site listing auctions, classifieds, and want ads), XBAY (site offering adult-oriented material), among others.

**20.** The United States Patent and Trademark Office ("PTO") has recognized that the dominant component of the EBAY Marks is the term BAY, refusing third-party registrations on the ground that the use of BAY combined with a generic or descriptive term is likely to cause confusion with the EBAY Marks.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

7.   PLAINTIFF EBAY INC.'S COMPLAINT

21. For example, in an Office Action dated June 21, 2005, in Application Serial No. 78/516,920 for the mark FLEABAY for "flea markets," the PTO refused registration because "applicant's mark, when used on or in connection with the identified goods or services, so resembles the marks in U.S. Registration Nos. 2218732, 2420512, 2218732, 2514362, 2555505 and 2913227 (all owned by [eBay]) as to be likely to cause confusion, to cause mistake, or to deceive." A true and correct copy of that Office Action is attached hereto as Exhibit A.

22. Similarly, in an Office Action dated August 24, 2005, in Application Serial No. 78/552,094 for the mark BAY BAZAAR for "[b]usiness management assistance and particularly carrying out tasks necessary for the smooth conduct of sales by auction," the PTO refused registration "because of a likelihood of confusion with the marks in U.S. Registration Nos. 2555505, 2218732, 2410023 and 2420512," all of which are owned by eBay. A true and correct copy of that Office Action is attached hereto as Exhibit B.

23. The PTO has also recognized the distinctiveness of the BAY component in refusing registration to the following marks in light of the EBAY mark: IBAY (Serial No. 76/195,016) and TBAY AUCTION (Serial No. 78/059,732).

24. Likewise, the Court of Appeals for the Ninth Circuit has recognized the distinctiveness of the BAY component of the EBAY Marks. In its opinion in the matter of *Perfumebay.com Inc. v. eBay Inc.*, No. 05-56794 (9th Cir., Nov. 5, 2007)[1], the court held that the term "BAY" was the dominant aspect of the EBAY marks, and that with the use of the mark PERFUMEBAY in connection with an online marketplace specializing in perfume, "consumers may no longer associate the usage of the "Bay" suffix with eBay's unique services, specifically the sale of products on an internet-based marketplace. The uniqueness of eBay's mark is diluted in direct proportion to the extent consumers, particularly internet users, disassociate the eBay mark with eBay's services."

25. If others could freely use "generic plus BAY" marks for Web sites offering or advertising whatever the generic thing is, the suffix BAY could become a generic term for

---

[1] Rehearing has been requested by PerfumeBay.com but not granted as of this date.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

8.   **PLAINTIFF EBAY INC.'S COMPLAINT**

1  "online marketplace" or "site offering things for purchase or use." That would dilute the
2  distinctiveness of the famous EBAY Marks to the point that they cease to function as unique and
3  distinctive identifiers of eBay's goods or services, to eBay's severe detriment.

### DEFENDANT'S USE OF THE COINBAY.BIZ NAME AND MARK

26.   Defendant uses the COINBAY.BIZ name and mark in commerce and in connection with an online auction-based marketplace that specializes in the sale of coins and other collectibles, available at the URL http://www.coinbay.biz (the "COINBAY.BIZ website"). A true and correct copy of a screen shot of the home page of the COINBAY.BIZ website is attached hereto as Exhibit C. Defendant also uses the COINBAY.BIZ name and mark to promote his online marketplace in a variety of media, including over the Internet. For example, Defendant promotes the COINBAY.BIZ website on his profile on the popular online networking community website MySpace®, available at the URL http://profile.myspace.com/index.cfm?fuseaction=user.viewprofile&friendid=87718520, and via a promotional video posted on the popular video website YouTube, available at the URL http://youtube.com/watch?v=_of67MF0-uo. A true and correct copy of a screen shot of Defendant's MySpace profile is attached hereto as Exhibit D. A true and correct copy of a screen shot of Defendant's YouTube video is attached hereto as Exhibit E.

27.   Defendant depicts the COINBAY.BIZ name and mark as one conjoined word, i.e., with no space between "coin" and "bay," and frequently capitalizes only the letters C and B, i.e., "CoinBay.biz." Moreover, in the COINBAY.BIZ logo, Defendant uses lower-case letters at varying elevations and alternating primary colors (the "COINBAY.BIZ and Design mark") in a manner confusingly similar to eBay's distinctive EBAY logo. Thus, Defendant's mark creates a false suggestion of an affiliation or connection with eBay. A true and correct comparison of the EBAY and COINBAY logos follows:




COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

9.   PLAINTIFF EBAY INC.'S COMPLAINT

**28.**     However, eBay is not affiliated or connected with Defendant, or with the services Defendant provides under the COINBAY.BIZ name and mark.

**29.**     The COINBAY.BIZ name and mark follows the same pattern as the many "generic plus BAY" marks that surfaced following the success of eBay. The term COIN is generic or highly descriptive of the goods available for auction on Defendant's online marketplace, while the term BAY, on the other hand, is completely arbitrary as applied to those services. Thus, by combining the generic or descriptive term COIN with the arbitrary term BAY – the dominant and most distinctive part of the designation EBAY – Defendant has created a "generic plus BAY" mark, which calls to mind eBay and suggests "the eBay for coins."

**30.**     Indeed, Defendant's statements on the COINBAY.BIZ website and in his promotional materials specifically reference eBay and reinforce the suggestion that his online marketplace is "the eBay for coins." True and correct copies of screen shots of the relevant pages of the COINBAY.BIZ website and Defendant's MySpace profile and advertisement are attached hereto as Exhibit F.

**31.**     Moreover, the "About Us" page of the COINBAY.BIZ website describes Defendant's motivation for starting the COINBAY.BIZ business and specifically references eBay, again creating an association between COINBAY.BIZ and eBay. A true and correct copy of the "About Us" page of Defendant's website is attached hereto as Exhibit G.

**32.**     Defendant also imitates eBay's "BUY IT NOW" and Design mark, by using the mark "BUY NOW" and Design, consisting of the word "BUY" in dark blue and the word "NOW" in red, with the letters slanted forward, in a manner confusingly similar to eBay's registered BUY IT NOW and BUY IT NOW and Design marks.

**33.**     On information and belief, consumers have actually associated the COINBAY.BIZ website with the eBay marketplace. This information and belief is based on statements in various internet forums in which consumers comment on how well the COINBAY.BIZ website can compete with the eBay marketplace and whether eBay should sue the owner of the COINBAY.BIZ website.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

10.    **PLAINTIFF EBAY INC.'S COMPLAINT**

**34.** Defendant has refused to cease its infringing use of the COINBAY.BIZ name and mark despite eBay's express objection. Rather, Defendant has suggested that eBay should pay Defendant for the COINBAY.BIZ domain name, claiming that would be less costly to eBay than pursuing its legal remedies against Defendant. Defendant also added a purported disclaimer to the COINBAY.BIZ website and MySpace profile that the site is "not affiliated with eBay," acknowledging that visitors to the COINBAY.BIZ website are likely to be confused into thinking that the site is affiliated with or endorsed by eBay.

**35.** On information and belief, based on records available from the internet archive service available at the URL http://www.archive.org, Defendant launched the COINBAY.BIZ website on or about June 2006. Accordingly, there is no issue as to priority of use. eBay began using its EBAY mark, and enjoys priority as a result of the filing dates of its trademark registrations, well prior to Defendant's use of the COINBAY.BIZ name and mark. Further, the EBAY Marks acquired wide recognition in the general consuming public, and became famous, well prior to Defendant's use of the COINBAY.BIZ name and mark. Likewise, eBay began using its BUY IT NOW and BUY IT NOW and Design marks, and enjoys priority as a result of its trademark registrations, well prior to Defendant's use of the BUY NOW mark.

### FIRST CAUSE OF ACTION

### (FEDERAL TRADEMARK INFRINGEMENT)

**36.** eBay incorporates by reference paragraphs 1 through 35, inclusive, as if fully set forth here.

**37.** The COINBAY.BIZ name and mark is highly similar to the registered EBAY Marks in appearance, sound, meaning, and commercial impression.

**38.** The COINBAY.BIZ and Design mark is highly similar to the registered EBAY and Design mark in appearance, sound, meaning, and commercial impression.

**39.** The BUY NOW and Design mark is highly similar to the registered BUY IT NOW and Design mark in appearance, sound, meaning, and commercial impression.

**40.** Both eBay and Defendant offer their services through the same channel of trade, i.e., the Internet.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

11.  PLAINTIFF EBAY INC.'S COMPLAINT

41. The instantaneous nature of Internet navigation, the speed at which people navigate and are presented with advertisements, images and/or data on the Internet, and the speed at which consumers perform transactions on the Internet, all tend to increase the risk of confusion or mistake about the source of a product or service.

42. On information and belief, Defendant adopted the marks COINBAY.BIZ, COINBAY.BIZ and Design, and BUY NOW and Design with knowledge of, and the intent to call to mind, create a likelihood of confusion with regard to, and/or trade off the fame of eBay and the registered EBAY Marks and the registered BUY IT NOW and Design mark.

43. Defendant continues to use the COINBAY.BIZ name and mark despite eBay's express objection thereto.

44. Defendant's continued use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark will injure eBay by causing a likelihood that the public will be confused or mistaken into believing that the goods or services provided by Defendants are endorsed or sponsored by eBay.

45. eBay has no control over the nature and quality of the goods or services offered by Defendant under the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, and eBay's reputation and goodwill will be damaged and the value of eBay's registered marks jeopardized by Defendant's continued use of Defendant's name and marks. Because of the likelihood of confusion between the parties' marks, defects, objections, or faults found with Defendant's services marketed under the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark could negatively reflect upon and injure the reputation that eBay has established for the services it offers in connection with the registered EBAY Marks. As such, Defendants are liable to eBay for infringement of a registered mark under 15 U.S.C. §1114.

46. Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

47. As a result of Defendant's infringement of eBay's registered marks, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

12.    **PLAINTIFF eBAY INC.'S COMPLAINT**

in the value of and goodwill associated with the marks.

**48.** Defendant's infringement of eBay's registered marks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of eBay's marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### SECOND CAUSE OF ACTION

### (FEDERAL TRADEMARK DILUTION)

**49.** eBay incorporates by reference paragraphs 1 through 48, inclusive, as if fully set forth here.

**50.** As a result of the considerable publicity afforded the EBAY Marks, and the strong and loyal base of customers that eBay enjoys for its services, the EBAY Marks have a high degree of consumer recognition, are widely recognized by the general consuming public of the United States as a designation of eBay's services, and are famous.

**51.** The EBAY Marks became famous before Defendant adopted the COINBAY.BIZ name and mark.

**52.** The COINBAY.BIZ name and mark incorporates the most distinctive part of the EBAY Marks, i.e., BAY, and its use is likely to cause, has caused, and will continue to cause an association between the COINBAY.BIZ mark and the EBAY Marks that impairs the distinctiveness of the EBAY Marks and weakens the connection in consumers' minds between the EBAY Marks and eBay's services. Defendant's use of the COINBAY.BIZ mark is likely to cause dilution by blurring based on a number of relevant considerations, including that:

   **(a)** The COINBAY.BIZ mark is similar to the EBAY Marks in that the dominant elements of the marks are identical and the marks in their entireties are similar;

   **(b)** The EBAY Marks are inherently distinctive;

   **(c)** eBay is engaging in substantially exclusive use of the EBAY Marks;

   **(d)** The EBAY Marks are widely recognized by the general consuming public;

   **(e)** On information and belief, Defendant intended to create an association

with the EBAY Marks.  eBay's information and belief is based on Defendant's public statements that he designed his website to be similar to eBay with an emphasis on coins and collectibles, and other statements that describe his services to his potential users with references to eBay;

    **(f)**    On information and belief, consumers have drawn an actual association between the COINBAY.BIZ name and mark and the EBAY Marks. Accordingly, Defendant is liable to eBay under the Federal Trademark Dilution Revision Act, 15 U.S.C. §1125(c).

**53.**    Defendant's acts as alleged above, if not enjoined, will continue.  eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

**54.**    As a result of Defendant's acts as alleged above, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with the EBAY Marks.

**55.**    Defendant's wrongful use of the COINBAY.BIZ name and mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a willful intent to trade on eBay's reputation or to cause dilution of the famous EBAY Marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117.  eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### THIRD CAUSE OF ACTION

### (FEDERAL FALSE DESIGNATION OF ORIGIN)

**56.**    eBay incorporates by reference paragraphs 1 through 55, inclusive, as if fully set forth here.

**57.**    In connection with Defendant's services, Defendant has used in commerce and without eBay's authorization or consent the COINBAY.BIZ name and mark and the COINBAY.BIZ and Design mark, which are highly similar to the registered EBAY Marks in appearance, sound, meaning, and commercial impression.

**58.**    In connection with Defendant's services, Defendant has used in commerce and without eBay's authorization or consent the BUY NOW and Design mark, which is highly similar

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

14.    PLAINTIFF EBAY INC.'S COMPLAINT

to eBay's registered BUY IT NOW and BUY IT NOW and Design marks in appearance, sound, meaning, and commercial impression.

**59.** Such acts are likely to cause confusion and deception among the purchasing public and/or are likely to lead the consuming public to believe that eBay has authorized, approved or somehow sponsored Defendant's use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark in connection with Defendant's goods and services.

**60.** The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

**61.** Defendant's false designation of origin and false description through Defendant's use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark has each caused, and if not enjoined will continue to cause, irreparable and continuing harm to eBay's marks, business, reputation, and good will, for which eBay has no adequate remedy at law.

**62.** As a direct and proximate result of Defendant's wrongful use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, eBay has been and will continue to be damaged by, without limitation, the diminution in the value of its trademarks, reputation, business and good will in an amount to be proven at trial.

**63.** Defendant's wrongful use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of eBay's Marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

**FOURTH CAUSE OF ACTION**

**(COMMON LAW TRADEMARK INFRINGEMENT)**

**64.** eBay incorporates by reference paragraphs 1 through 63, inclusive, as if fully set

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

15.   **PLAINTIFF EBAY INC.'S COMPLAINT**

forth here.

**65.** Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, infringe eBay's exclusive trademark rights in the EBAY Marks and the BUY IT NOW and BUY IT NOW and Design marks, in violation of the common law.

**66.** Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

**67.** As a result of Defendant's acts as alleged above, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with eBay's marks.

### FIFTH CAUSE OF ACTION

### (COMMON LAW UNFAIR COMPETITION)

**68.** eBay incorporates by reference paragraphs 1 through 67, inclusive, as if fully set forth here.

**69.** Defendant has engaged in and continues to engage in unfair competition by using the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, on information and belief, with the intention of interfering with and trading on the business reputation and goodwill engendered by eBay through hard work and diligent effort.

**70.** Defendant's acts have caused eBay competitive injury, as described herein, and specifically have caused eBay to incur damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with eBay's marks.

**71.** Defendant's acts as alleged above, and specifically, without limitation, Defendant's use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

### SIXTH CAUSE OF ACTION

### (TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14335)

**72.** eBay incorporates by reference paragraphs 1 through 71, inclusive, as if fully set

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

16.  PLAINTIFF EBAY INC.'S COMPLAINT

forth here.

**73.** Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, infringe eBay's exclusive trademark rights in eBay's marks, in violation of California Business and Professions Code section 14335.

**74.** Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

### SEVENTH CAUSE OF ACTION

### (TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14330)

**75.** eBay incorporates by reference paragraphs 1 through 74, inclusive, as if fully set forth here.

**76.** The EBAY Marks are distinctive and famous within the meaning of section 14330 of the California Business and Professions Code.

**77.** Defendant's continued use of the COINBAY.BIZ name and mark and the COINBAY.BIZ and Design mark is likely to cause injury to eBay's business reputation and/or the dilution of the distinctive quality of eBay's famous EBAY Marks, in violation of California Business and Professions Code section 14330.

**78.** Defendants' acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

### EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

**79.** eBay incorporates by reference paragraphs 1 through 78, inclusive, as if fully set forth here.

**80.** By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure eBay in its business and property, in violation of California Business and Professions Code §§ 17200 *et seq*.

**81.** Defendants' acts alleged herein have caused monetary damages to eBay in an amount to be proven at trial, and have caused, and will continue to cause, irreparable injury to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

17.     PLAINTIFF EBAY INC.'S COMPLAINT

1  eBay and its business, reputation, and trademarks, unless and until Defendant is permanently
2  enjoined.

3      82.    As a direct and proximate result of Defendant's conduct alleged herein, Defendant
4  has been unjustly enriched and should be ordered to disgorge any and all profits that it earns or
5  has earned as a result of such unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, eBay prays:

    83.    That this Court grant preliminary and permanent injunctive relief enjoining Defendants and all others acting in concert with and having knowledge thereof, from using the COINBAY.BIZ name and mark, the COINBAY.BIZ and Design mark and the BUY NOW and Design mark, and any similar trade name or mark or variant thereof, or other "generic plus BAY" mark, as a trade name, trademark, service mark, domain name, or for any other purpose;

    84.    That this Court order Defendants to account to eBay any and all revenues and profits that Defendants have derived from their wrongful actions and to pay all damages which eBay has sustained by reason of the acts complained of herein, and that such damages be trebled;

    85.    That this Court award eBay the costs of this action and reasonable attorney's fees and expenses;

    86.    That the Court order the Registrar of the coinbay.biz domain name to cancel the registration.

    87.    That this Court grant such other and further relief as it should deem just.

Dated: December 5, 2007

COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634)
FRANK B. GOLDBERG (222263)
KATHLEEN E. TREIBER (232353)

_/s/ John W. Crittenden_
John W. Crittenden (101634)
Attorneys for Plaintiff
EBAY INC.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1066172 v2/SF

18.

PLAINTIFF EBAY INC.'S COMPLAINT