| To: | Grow America Corporation (albertkeyack@yahoo.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 78552094 - BAY BAZAAR - MOSES-4 |
| **Sent:** | 8/24/05 5:43:22 PM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:     78/552094

**APPLICANT**:     Grow America Corporation

**\*78552094\***

**CORRESPONDENT ADDRESS**:

    ALBERT T.  KEYACK
    ALBERT T.  KEYACK
    1005 GLENDEVON DRIVE
    AMBLER, PA 19002

**RETURN ADDRESS**:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:     BAY BAZAAR

**CORRESPONDENT'S REFERENCE/DOCKET NO**:   MOSES-4

**CORRESPONDENT EMAIL ADDRESS**:

    albertkeyack@yahoo.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number  78/552094

The assigned examining attorney has reviewed the referenced application and determined the following.

**Section 2(d) - Likelihood of Confusion Refusal**

Registration of the proposed mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2555505, 2218732, 2410023 and 2420512.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*. See the enclosed registrations.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis.  First, the marks are compared for similarities in appearance, sound, connotation and commercial impression.  *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).

Applicant is attempting to register the mark BAY BAZAAR.

Ebay owns registrations for the mark EBAY and EBAY PREMIERE in typed and stylized formats.  The wording BAY BAZAAR is similar in sound, appearance and meaning to the term EBAY because both marks incorporate the arbitrary term BAY.  While the applicant's mark does not include the descriptive prefix "e"[1] included in the registered marks, the strength of the term "bay" in relation to the prefix "e" dominates the generalized impression left by the registered marks. The other differences between the marks, i.e., the addition of the term BAZAAR, which is descriptive in the context of the services, and the addition of the term PREMIERE in one of the EBAY and the stylization of the wording in some of the EBAY registrations do not

Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.  *In re National Novice Hockey League, Inc*., 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq*.

Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration.  *Hewlett-Packard Co. v. Packard Press Inc.,* 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990).  Since the identification of the applicant's goods and/or services is very broad, it is presumed that the application encompasses all goods and/or services of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers.  TMEP §1207.01(a)(iii).

In any event, the goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion.  Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source.  *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56

USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Applicant is attempting to register BAY BAZAAR for "[b]usiness management assistance and particularly carrying out tasks necessary for the smooth conduct of sales by auction."

Presumably, the broadly identified service of "carrying out tasks necessary for the smooth conduct of sales by auction" include the "on-line trading services in which seller posts items to be sold at a set price, or alternatively to be offered in an auction-style format where bidding is done electronically, and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery and overall trading experience in connection therewith" for which the EBAY marks are registered.  Moreover, the business management advice service presumably pertains in large part to the conduct of sales by auction and therefore is likely to be associated by consumers of the trading/auction services with a single source.  Accordingly, the use by different parties of marks as similar as applicant's mark and the registered EBAY marks on the listed services is likely to lead to consumer confusion or mistake as to the source of the goods and services.

Any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant.  *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i).

If applicant chooses to respond to the refusal(s) to register, then applicant must also respond to the following requirement(s).

## **Recitation of Services**

The wording used to describe the services needs clarification because the service activities that comprise "carrying out tasks necessary for the smooth conduct of sales by auction" must be clarified.

For assistance with identifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.

Applicant may adopt the following identification of goods, if accurate:

Business management assistance and particularly carrying out tasks necessary for the smooth conduct of sales by auction, **namely auction management services provided to others over an online web site accessed through a global computer network** in class **35**.

TMEP §1402.01.

Please note that, while the identification of services may be amended to clarify or limit the services, adding to the services or broadening the scope of the services is not permitted.  37 C.F.R. §2.71(a); TMEP §1402.06.  Therefore, applicant may not amend the identification to include services that are not within the scope of the services set forth in the present identification.

**Disclaimers**

Applicant must disclaim the descriptive wording "BAZAAR" apart from the mark as shown because it merely describes features of the services. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).

In the context of the services the term "bazaar" conveys to consumers that the services feature a marketplace for goods and services. See, e.g., the attached dictionary entry. Presumably applicant's business management and auction facilitating services feature management of a marketplace for goods and services, or an auction marketplace. Accordingly, the term "bazaar" is merely descriptive in the context of the services and must be disclaimed.

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

> No claim is made to the exclusive right to use "BAZAAR" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Response Guidelines**

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

/Mark Rademacher/

Examining Attorney

Law Office 114

Ph: (571) 272-9723

Fx: (571) 273-9114

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

---

[1] The "e" prefix has become commonly recognized as a designation for goods or services that are electronic in nature or are sold or provided electronically.  When the "e" prefix is coupled with a descriptive term or terms for electronic goods and/or services, then the entire mark is considered merely descriptive under Section 2(e)(1).  *In re SPX Corp.,* 63 USPQ2d 1592 (TTAB 2002) (E-AUTODIAGNOSTICS merely descriptive of an "electronic engine analysis system comprised of a hand-held computer and related computer software"); *In re Styleclick.com Inc.*, 57 USPQ2d 1445 (TTAB 2000) (E FASHION held merely descriptive of software for use in shopping via global computer network and electronic retailing services); *Continental Airlines Inc. v. United Air Lines Inc.*, 53 USPQ2d 1385 (TTAB 1999) (E-TICKET held generic for computerized reservation and ticketing of transportation services).

**Print: Aug 23, 2005**                         **75587191**

## DESIGN MARK

**Serial Number**
75587191

**Status**
REGISTERED

**Word Mark**
EBAY

**Standard Character Mark**
No

**Registration Number**
2420512

**Date Registered**
2001/01/16

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
eBay, Inc. CORPORATION DELAWARE 2125 Hamilton Avenue San Jose
CALIFORNIA 95125

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: On-line
trading services to facilitate the sale of goods by others via a
computer network and providing evaluative feedback and ratings of
sellers' goods and services, the value and prices of sellers' goods,
buyers' and sellers' performance, delivery, and overall trading
experience in connection therewith.  First Use: 1998/01/15.  First Use
In Commerce: 1998/01/15.

**Prior Registration(s)**
2218732

**Filing Date**
1998/11/12

**Examining Attorney**
MERCALDI, ANTHONY

**Print: Aug 23, 2005**                    **75587191**

**Attorney of Record**
Larissa A J Kehoe



**Print: Aug 23, 2005**                              **75669553**

**DESIGN MARK**

**Serial Number**
75669553

**Status**
REGISTERED

**Word Mark**
EBAY

**Standard Character Mark**
No

**Registration Number**
2410023

**Date Registered**
2000/12/05

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM

**Owner**
eBay Inc. CORPORATION DELAWARE 2125 Hamilton Avenue San Jose
CALIFORNIA 95125

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: On-line
trading services to facilitate the sale of goods by others via a
computer network and providing evaluative feedback and ratings of
sellers' goods and services, the value and prices of sellers' goods,
buyers' and sellers' performance, delivery, and overall trading
experience in connection therewith.  First Use: 1998/01/15.  First Use
In Commerce: 1998/01/15.

**Prior Registration(s)**
2218732

**Lining/Stippling Statement**
The mark is lined for red, blue, yellow, green, purple, orange and
brown.

**Filing Date**
1999/03/29

**Print: Aug 23, 2005**                              **75669553**


**Examining Attorney**
MERCALDI, ANTHONY

**Attorney of Record**
LARISSA A.J. KEHOE



**Print: Aug 23, 2005**                                    **76184915**

## DESIGN MARK

**Serial Number**
76184915

**Status**
REGISTERED

**Word Mark**
EBAY PREMIER

**Standard Character Mark**
No

**Registration Number**
2555505

**Date Registered**
2002/04/02

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
eBay Inc. CORPORATION DELAWARE 2145 Hamilton Avenue San Jose
CALIFORNIA 95125

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: on-line
trading services in which seller posts items to be sold at a set
price, or alternatively to be offered in an auction-style format where
bidding is done electronically, and providing evaluative feedback and
ratings of sellers' goods and services, the value and prices of
sellers' goods, buyers' and sellers' performance, delivery and overall
trading experience in connection therewith.  First Use: 2001/01/04.
First Use In Commerce: 2001/01/04.

**Prior Registration(s)**
2218732;2410023;2420512

**Description of Mark**
The mark features the following color "e" in red, overlapping "e" and
"b" section in purple, "b" in blue, overlapping "b" and "a" section in
orange, "a" in yellow, overlapping "a" and "y" section in brown, "y"
in green, and two color dashes above the "i" in yellow and light blue.

**Print: Aug 23, 2005**                    **76184915**

**Filing Date**
2000/12/21

**Examining Attorney**
KHAN, ASMAT

**Attorney of Record**
Larissa Kehoe Hoffman



http://www.xreferplus.com/entry.jsp?xrefid=1122452&secid=.-&hh=1        08/24/2005 11:20:17 AM



©2005 x r e f e r ■■■